**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

DUSTIN FRANCIS HAXHO,

      Petitioner,

      v.

WARDEN, FCI JESUP,

      Respondent.

CIVIL ACTION NO.: 2:25-cv-96

## REPORT AND RECOMMENDATION

Petitioner Dustin Haxho ("Haxho"), who was incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Respondent filed a Motion to Dismiss, and Haxho filed a Response. Docs. 7, 8. For the following reasons, I **RECOMMEND** the Court **DENY as moot** Respondent's Motion to Dismiss and Haxho's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Haxho leave to appeal *in forma pauperis*.[1]

---

[1]    A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Haxho his suit is due to be dismissed. As indicated below, Haxho will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**BACKGROUND**

Haxho contends the Bureau of Prisons ("BOP") did not properly calculate and apply his earned time credits under the First Step Act ("FSA"). Haxho states his transfer to prerelease custody, once his credits are properly applied, would be July 19, 2025. Doc. 1 at 1–2. Haxho wants the BOP to retroactively apply his FSA time credits from the date he entered federal custody, November 15, 2024. Id. at 4, 7. He also asks to have his Second Chance Act ("SCA") credits applied toward his sentence. Id. at 5. Haxho seeks declaratory relief and for the Court to order the BOP to transfer him to prerelease custody. Id. at 10–11.

Respondent states the Court should dismiss Haxho's Petition because he did not exhaust his administrative remedies. Doc. 7 at 3. Respondent also states the Court should dismiss Haxho's Petition because his SCA claims are not ripe for review, the SCA does not guarantee an amount of prerelease custody, prisoners cannot earn FSA time credits before they are sentenced, Haxho fails to state a due process violation, and the BOP's housing placements are not subject to judicial review.

Given the relatively short nature of Haxho's sentence and the parties' contentions, the Court has looked into whether Haxho is still in the BOP's custody. Indeed, a search on the BOP's website reveals Haxho was not in the BOP's custody as of March 16, 2026. https://www.bop.gov/inmateloc/, search using Haxho's Register Number (last visited Apr. 24, 2026).[2]

---

[2] Haxho's failure to notify the Court, in writing, of any change in his address provides a reason for outright dismissal of his Petition based on his failure to follow this Court's Order and Local Rules. Doc. 3; Local R. 11.1.

**DISCUSSION**

**I.      Haxho's Petition Is Now Moot**

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). Regarding the mootness strand, the United States Supreme Court has made clear "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). "In such a circumstance, 'dismissal is required because mootness is jurisdictional.'" United States v. Hilario-Cana, 779 F. App'x 700, 700 (11th Cir. 2019) (quoting Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002)). A "'mootness issue quite clearly can be raised sua sponte . . . .'" Llanes v. Johns, No. 5:19-cv-69, 2020 WL 4210512, at *2 (S.D. Ga. June 30, 2020) (quoting Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 350 (D.C. Cir. 1997); in turn quoting Medberry v. Crosby, 351 F.3d 1049, 1054 n.3 (11th Cir. 2003))), adopted by, 2020 WL 4208237 (S.D. Ga. July 22, 2020).

Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). "Events which occur subsequent to the filing of a petition may render the matter moot." Johnson v. Glover, No. 1:04-CV-413, 2006 WL 1008986, at *1 (M.D. Ala. Apr. 18, 2006) (citing Nat'l Black Police Ass'n, 108 F.3d at 350).

Here, Haxho asks the Court to, among other things, order the BOP to recalculate his earned time credits and transfer him to a residential reentry center. Doc. 1 at 10–11. As Haxho is no longer in BOP's custody, the Court raises mootness sua sponte. There is no longer a "live controversy" over which the Court can give meaningful relief. Friends of Everglades, 570 F.3d at 1216. Accordingly, the Court should **DENY as moot** Respondent's Motion to Dismiss and **DENY as moot** Haxho's Petition for Writ of Habeas Corpus.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Haxho leave to appeal *in forma pauperis*. Though Haxho has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United

4

States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of the filings in this case, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Haxho *in forma pauperis* status on appeal.

### CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY as moot** Respondent's Motion to Dismiss and Haxho's Petition, docs. 1, 7, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Haxho leave to appeal *in forma* pauperis.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 24th day of April, 2026.

 

 

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA